IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LUTHER JONES,                          :

       Plaintiff,                   :
                                     Case No. 3:08cv358
       vs.                          :
                               JUDGE WALTER HERBERT RICE
NEENAH PAPER, LLC,                     :

       Defendant.                   :

---

**DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANT'S MOTION FOR ORDER FIXING AMOUNT AND
DEADLINE FOR PAYMENT OF COSTS PURSUANT TO COURT'S
ORDER AWARDING SAME (DOC. #45); JUDGMENT TO ENTER
ACCORDINGLY**

---

This litigation began as an employment discrimination suit, with Plaintiff

Luther Jones ("Plaintiff" or "Jones") alleging that Defendant Neenah Paper, LLC

("Defendant" or "Neenah"), discriminated against him on the basis of his race by

discharging him from his position as a laborer, denying him additional training

opportunities, failing to promote him or move him to a requested shift and paying

him a discriminatory rate of pay.  Summary judgment has been entered against

Plaintiff on all his claims.  See Docs. ##32 and 43.  The only matter remaining in

this litigation is Defendant's Motion for Order Fixing Amount and Deadline for

Payment of Costs Pursuant to Court's Order Awarding Same (Doc. #45).  The Court now rules on that motion.

In its Decision of February 10, 2010, this Court, inter alia, sustained in part and overruled in part Defendant's Motion for Summary Judgment (Doc. #23).  The Court granted summary judgment to Defendant on all Plaintiff's claims except for his claim that he was terminated because of his race.  The Court's Decision was predicated on the premise that the arbitration provision in the CBA required all discrimination claims, pertaining to "compensation and terms/conditions of employment, to be submitted to an arbitrator as the sole trier of fact.  Defendant had not argued that the termination of employment was one of the "terms/conditions of employment," and this Court, therefore, did not consider or grant summary judgment on Plaintiff's claim of discriminatory discharge,

The Court then turned to the Defendant's Motion to Dismiss for Lack of Prosecution (Doc. #28).  Therein, the Defendant requested that the Court dismiss this litigation because of Plaintiff's misconduct and failure to cooperate in the preparation of this lawsuit for trial.  Therein, the Defendant did not request an award of attorney's fee or costs.  This Court agreed with Defendant that the conduct of Plaintiff's counsel fell well below the expected standard.  However, rather than visiting the sins of counsel on their client by dismissing this litigation, this Court ordered Plaintiff's counsel:

> to pay to the Defendant any duplicative or unnecessary costs incurred by Defendant in trial preparation, which have been occasioned by the misconduct of Plaintiff's counsel, as set forth herein, including but not limited to, the costs associated with preparing the Motion to Dismiss and defending against the Motion for Leave to File Identification of Lay Witnesses Out of Time, the costs associated with the filing of a final pre-trial order without meaningful input from Plaintiff, and the cost of participating in

- 2 -

a telephone conference call in which Plaintiff's counsel did not deign to participate.

Doc. #32 at 24 (emphasis in the original). The Court indicated that attorney's fees were included in the category of costs. Id. at 23.

Within a month of this Court filing its Decision and Entry (Doc. #32), the Defendant filed a Motion for Reconsideration (Doc. #34). Therein, Defendant expressly argued, for the first time, that the termination of Plaintiff's employment effected "the terms/conditions of employment," and should, therefore, be arbitrated. In its Decision of August 6, 2010 (Doc. #43), this Court agreed and entered summary judgment in favor of Defendant on Plaintiff's claim of discriminatory discharge.

This case is now before the Court on the Defendant's Motion for Order Fixing Amount and Deadline for Payment of Costs Pursuant to Court's Order Awarding Same (Doc. #45). With that motion, Defendant seeks the award of $21,410.00 for 81 hours billed at counsels' normal hourly rate and an order directing Plaintiff's counsel to pay the award within 30 days.

This Court will enter judgment in favor of Defendant, which, while not setting a deadline for payment, can, if necessary, be enforced like any other judgment. Accordingly, the Court overrules Defendant's Motion for Order Fixing Amount and Deadline for Payment of Costs Pursuant to Court's Order Awarding Same (Doc. #45), in the form requested by Defendant.

In response to Defendant's motion, Plaintiff's counsel argues that in fixing the amount of the award, the Court should be aware of the nature of their practice, representing those who cannot afford to hire an attorney. Regardless of how commendable the Plaintiff's practice may be, that does not afford them a license to

practice in the manner demonstrated in this litigation. Therefore, the nature of the practice of Plaintiff's counsel does not serve as the basis for reducing the requested award of attorney's fees.

To compute an award of attorney's fees, this Court utilizes the loadstar method, set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), under which a reasonable award of attorney's fees is to be computed by multiplying the number of hours reasonably expended by a reasonable hourly rate. Herein, Plaintiff's counsel have not challenged the hourly rates charged by Defendant's counsel and those rates are supported by an affidavit from William Blue ("Blue"), a partner in the firm representing Defendant. Therefore, the Court accepts the hourly rates charged by Defendant's counsel as reasonable.

With respect to the issue of the number of hours reasonably expended, the Hensley Court wrote:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Copeland v. Marshall, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

461 U.S. at 434. See also, Ellison v. Balinski, 625 F.3d 953, 960 (6th Cir. 2010). The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought were reasonably expended.

- 4 -

461 U.S. at 437. See also, Granzeier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999).

Herein, Plaintiff argues, in effect, that Defendant's counsel failed to exercise billing judgment and that said counsel seeks an award for an unreasonable number of hours. The focus of the objections by Plaintiff's counsel is that Defendant "threw" an army of attorneys at each task for which attorney's fees have been requested. This Court declines to reduce the amount requested by Defendant for this reason. The fact that Defendant's counsel represented their client zealously does not serve, standing alone, as the basis for reducing the request for an award of attorney's fees.

There is, however, a more fundamental reason to decline to award the entire amount of fees requested by Defendant. This Court's decision to award attorney's fees was occasioned by its overruling, in part, Defendant's Motion for Summary Judgment. That initial ruling contemplated that the litigation would proceed to trial, albeit in a somewhat truncated fashion, on the issue of discriminatory discharge only. The order for costs and attorney fees was meant to compensate Defendant for having to expend costs which could have been avoided had Plaintiff pursued the litigation diligently, costs that would have to be duplicated in preparation for the trial on the discriminatory discharge. Had the Defendant expressly argued in that original motion on the arbitrability of the allegation of discriminatory discharge, as it did with its Motion for Reconsideration, the issue of attorney's fees would not have been injected into this litigation, as summary judgment would have been granted without the spectre of a future trial. While that does not excuse the conduct by Plaintiff's counsel, it does, however, cast the

award of attorney's fees in a different light.  The Court ordered Plaintiff's counsel to pay attorney's fees, in order to avoid prejudicing Plaintiff as a result of Counsel's conduct, yet Plaintiff's sole remaining claim was dismissed when the Court sustained the Defendant's Motion for Reconsideration.  Under these circumstances, the Court deems it appropriate to award Defendant only 50% of the amount requested, to wit: $10,705.

Accordingly, this Court sustains in part and overrules in part Defendant's Motion for Order Fixing Amount and Deadline for Payment of Costs Pursuant to Court's Order Awarding Same (Doc. #45).  Judgment is to enter in favor of Defendant and against Plaintiff's counsel in the sum of $10,705.

The Bill of Costs and the Plaintiff's obligation to pay all or a portion of same (Doc. #46) will be resolved by separate Entry.

August 31, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.